T.C. Memo. 2012-254

UNITED STATES TAX COURT

BRENDA FRANCES BARTLETT, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22669-10.                    Filed September 4, 2012.

Brenda Frances Bartlett, pro se.

Michael T. Garrett, for respondent.

MEMORANDUM OPINION

JACOBS, Judge: Respondent determined a $43,668 deficiency in

petitioner's 2008 Federal income tax and an $8,734 accuracy-related penalty under

section 6662(a).[1]

_____

[1]All section references are to the Internal Revenue Code in effect for 2008.

[*2]                                   Background

There are no facts in dispute. Petitioner resided in Colorado when she filed her petition. In 2008 petitioner, then 50 years of age, retired from Qwest Communications, where she had worked for 27 years, the last 7 of which as a customer communications technician.

Using the TurboTax program to file her Form 1040, U.S. Individual Income Tax Return, for 2008, she reported the following amounts of income:

| | |
|---|---|
| Wages | $43,831 |
| Interest | 207 |
| State tax refund | 659 |
| Pension gross amount | 223,870 |
| Pension taxable amount | 119,400 |
| Other income | 2,250 |
| Total | 166,347 |

The $223,870 reported as the gross amount of pension distributions on line 16(a) of petitioner's return is incorrect. Petitioner actually received $221,398 in retirement distributions from State Street Retirement Services in 2008. The

**[*3]** difference, $2,472, represents the misreporting of $224 in additional wage income and $2,250 in additional other income.[2]

The $119,400 reported as the taxable amount of the pension distributions on line 16(b) of petitioner's return is also incorrect; the correct amount is the same as the gross amount, i.e., $221,398. Consequently, on line 16(b) petitioner underreported the taxable amount of her pension distributions by $101,998.[3]

In addition, petitioner underreported her wage income by $224 and the amount of other income by $2,250. The correct total income petitioner received in 2008 was $270,819.

Petitioner reported a total tax liability of $44,619. This amount included the 10% additional tax under section 72(t) for the $119,400 reported as the taxable amount in retirement distributions. Respondent determined that petitioner's correct tax liability for 2008 was $88,287, which included the section 72(t) additional tax for the correct taxable amount in retirement distributions. This resulted in an

---

[2]The $2 difference is due to rounding errors.

[3]Petitioner used $50,000 of the retirement distributions to purchase two bank CDs, one a 7-month CD for $25,000, and the second an 18-month CD for $25,000. Petitioner claims that the $50,000 so used constitutes a qualified IRA rollover contribution and hence is nontaxable. See sec. 408(d)(3)(A)(i). Petitioner's position is not correct because the $50,000 was not rolled over into an qualified IRA or a qualified individual retirement annuity.

[*4] understatement of income tax of $43,668. Because the understatement of income tax was greater than $5,000 as well as greater than 10% of the tax required to be shown on the return, respondent determined that petitioner substantially understated her income tax and was liable for an accuracy-related penalty under section 6662(a). See sec. 6662(d).

Petitioner admits that her income was misreported and that her taxable income was underreported. She maintains that she reported all of her income and that the mistakes made were "honest mistakes" resulting from her lack of familiarity with the TurboTax program. Petitioner claims she used the audit portion of the TurboTax program, believing the audit portion would catch any mistakes she otherwise might make.

### Discussion

Petitioner acknowledges she received all the income determined by respondent. She claims she relied on TurboTax to properly prepare her 2008 income tax return and thus she was not negligent because there was reasonable cause for the underpayment. See secs. 6662(c), 6664(c).

It is apparent that a portion of the information petitioner entered into the TurboTax program was incorrect; hence the mistakes made (which resulted in the underpayment) were made by petitioner, not TurboTax. TurboTax is only as good

[*5] as the information entered into its software program. See Bunney v. Commissioner, 114 T.C. 259, 267 (2000). Simply put: garbage in, garbage out.

Petitioner's errors were not merely isolated computational or transcription errors. See sec. 1.6664-4(b)(1), Income Tax Regs. Petitioner systematically underreported her income and this resulted in an underpayment of tax on her Federal tax return. Petitioner did not have reasonable cause for any portion of the resulting underpayment. Respondent's determinations as to both the tax deficiency and penalty are sustained.

Decision will be entered

for respondent.